## Lindsey *against* Fuller.

If a defendant in an execution have two cows in his possession, of one of which he is the absolute owner, and the other of which he had hired for a certain time, the officer having the execution in his hands, is not liable to an action of trespass for selling the one of which the defendant is the absolute owner.

ERROR to the common pleas of *Susquehanna* county.

David Lindsey against George Fuller. This was an action of trespass against the defendant, who was the deputy sheriff of the county of Susquehanna, for taking away a cow, the property of the plaintiff. All the facts and circumstances of the case are fully stated in the opinion of the court.

*Lusk* and·*Lyttle*, for plaintiff in error.
*Case,* for defendant in error.

The opinion of the court was delivered by

KENNEDY, J.—The first error assigned is, that the court below erred in charging the jury, that the question of principal and agent did not arise in the case.   This was in reply to a position, assumed and taken by the counsel below for the plaintiff, that he purchased the second cow found in his possession, at the time the defendant took the one, on account of which this suit was brought, as the agent of Daniel Lathrop.   The evidence, upon which it was attempted to sustain this position, showed that Lathrop had, in February 1836, leased two cows to the plaintiff for the term of two years, at three dollars each per year.   That in September following, Lathrop, with the assent of the plaintiff, took one of the leased cows home again, where he retained her ever afterwards.   That in the spring of 1837, the plaintiff having sold and converted to his own use the other cow belonging to Lathrop, without any authority from the latter to do so, promised to replace her by one, which he said he was to get, on account of a job of work he was then engaged in performing.   That in the forepart of the summer following, he procured a cow, of which he gave Lathrop notice; whereupon the latter came to the house of the plaintiff, where the cow was, in order, as it would seem, to have her transferred to himself, without intending to deprive the plaintiff of the use of her, by taking her entirely away from him, but by taking the possession of her for a few minutes. The cow was accordingly delivered to him, and he drove her off from the plaintiff's house, about twenty rods; there he left her that she might return to the plaintiff's house, which she accordingly did, and remained there under lease, and the plaintiff paid rent to Lathrop for her up to February 1840.   The transmutation of the possession thus made, was most probably conceived to be necessary, in order to render the transfer of property in the cow effectual against her being taken in execution, by the creditors of the plaintiff.   But it is perfectly obvious, that the ceremony was altogether incompatible with the idea, that the plaintiff had bought the cow as the agent of Lathrop, for if he had, the right of property would have become vested in Lathrop by the purchase of the plaintiff as agent immediately; and the possession acquired under such purchase by the plaintiff, would, in law, have been considered the possession of Lathrop.   Neither is it pretended, that the plaintiff had any previous authority from Lathrop to purchase the cow for him; nor that he bought her with the funds of Lathrop, nor does it appear, that he made any declaration when he was buying, that he was doing so for Lathrop, so that he should not thereafter obtain a false credit, on account of the cow being in his possession as the apparent owner of her.   In short, there is not even a spark of evidence, which tends to show, that he was an agent for Lathrop in

X.—N*

[Lindsey v. Fuller.]

the transaction, or that he can be so considered in law. The court below, were, therefore right, as we conceive, in charging the jury, that the question of principal and agent did not arise in the case.

The remaining errors all relate to the question, whether, under the circumstances and facts of the case, as they appeared in evidence, without the slightest shade of contradiction, the cow taken in execution, which is the subject of contest here, was exempted by the act of the 10th of April 1828, *Purd. Dig.* 296, (1831), from being taken in execution and sold as the property of the plaintiff, under a judgment and execution against him. The first section of this act enacts that " the following articles *owned* by *or* in the *possession* of any debtor, shall be and are hereby exempted from levy or sale on any execution, &c., which may be issued against such debtor, for any debt, &c., that is to say, household utensils, not exceeding in value twenty dollars, the necessary tools of a tradesman, not exceeding in value twenty dollars, all wearing apparel, *two beds and the necessary bedding, one cow, two hogs, six sheep, with the wool thereof, &c.*" According to the evidence, which is clear and perfectly consistent throughout, the facts giving rise to this question are, that in July 1838, the plaintiff, being the owner of the cow in contest, was in the possession of her as such, and of another cow, which he had the use of then, under a lease from Daniel Lathrop, to whom the plaintiff, having been the owner of her also, had previously transferred the right of property in her, as mentioned above in observing upon the first error. The lease first taken of Lathrop embraced two cows for a term of two years; commencing in February 1836; but some six or seven months after that, one of the cows, as stated above, was given up by the plaintiff to Lathrop; so that thereafter one of them only was held by the plaintiff under the lease. At the expiration of the first two years, as Lathrop testifies, he let the plaintiff have the cow, which was still in his possession, *on the old terms*, that is, for another term of two years, as it must be understood, at a rent of three dollars per annum; that the plaintiff accordingly had the cow in his possession, and the use of her until February 1840, making in all four years, for which he paid Lathrop 12 dollars. The plaintiff in the month of July 1838, being thus in possession of two cows, of one as the owner, and the other as lessee from Lathrop, the defendant as deputy sheriff, under an execution issued upon a judgment for a debt against the plaintiff, at the suit of Mason Dennison, and directed to his principal, took the cow, which the plaintiff claimed as owner, and sold her for the purpose of satisfying the debt. It is not denied that the defendant was made acquainted with the fact, before the sale, that the plaintiff held the possession of the cow taken in execution, as owner, and of the other as the lessee of Lathrop. We do not think it necessary to review the course of reasoning adopted by the court below, by which they came to the conclusion, that the cow taken in execution by the defendant, was not exempted by the act of assembly made in this behalf, and to decide whether the reasoning

of the court be correct or not. It is sufficient if the conclusion itself be correct; and we are inclined to think it is. The counsel for the plaintiff contended, that the act only exempts articles, of which the debtor is the *absolute owner*, the words, " *or* in the possession of any debtor," to the contrary notwithstanding; because it cannot well be supposed, that the legislature intended to exempt such articles as were not liable to execution, previously to the passage of the act; for that would have been perfectly idle and useless? This doubtless, is correct reasoning enough, but then it has not been shown here, that the cow, in possession of the plaintiff, under the lease from Lathrop, was not liable to be taken in execution for the debts of the plaintiff, during the time he held her under the lease. The right which he acquired thereby to have the use of the cow for the residue of the term, was undoubtedly a substantial vested interest, and such as might have been the subject of execution. Gordon *v.* Harper, 7 *Term Rep.* 9. There is no ground upon which the plaintiff could have objected to it: and it has been decided, that the lessor, in such case, could not claim or recover the possession of the cow, nor any equivalent for her, from the purchaser at the sheriff's sale, before the expiration of the term for which the lease was given. Ward *v.* Manley, 4 *Term Rep.* 489; Gordon *v.* Harper, 7 *Term Rep.* 9. And indeed no reason can be assigned, why the interest, which a lessee has acquired by a lease given to him for a term of years of personal property, should not be liable to be sold under an execution against him, that would not go to prove with equal force, that the interest acquired by a lease of land for a term of years, could or ought not to be taken in execution and sold for the purpose of paying the debts of the lessee. But, in regard to the latter, every day's practice proves, that such a proposition cannot be maintained. The profit and accommodation to be derived by the lessee, from a lease of personal property, may be equally great, if not much greater sometimes, than that which is obtained by him from a lease of land. It is not unusual to let personal property in different sections of the state, for certain periods, consisting, in some instances, of household furniture, in others of horses, cows, sheep, &c. Suppose then, that a debtor, against whom an execution for debt is issued, and placed in the hands of the proper officer, has two cows in his possession, under a lease from the absolute owner of them, for some definite period, it can not be questioned, since his interest in them, under the lease, is liable to be seized for his debts, that one of them is exempted by the express terms of the act. Because the exemption extends to articles " owned by *or* in the *possession* of any debtor;" not owned by *and* in the possession," &c.: so that without changing the disjunctive conjunction " or," into the copulative conjunction " and," the exempted articles can not be confined to such as the debtor is the absolute owner of. It is clearly sufficient, that the articles are *in his possession*, and that he has a *right to use them for his own*

[Lindsey v. Fuller.]

·*benefit*, to entitle him to claim the exemption provided by the act. There is certainly nothing in the nature of the provision itself; nor yet in any other part of the act, which seems to militate, in the slightest degree, against this construction; or that would sanction the change of the word "or" into "and." The word "or" as it stands is not only intelligible, but beneficially operative as to debtors; because it makes provision for a debtor, who may not be able to purchase the absolute right of property in a cow, but having great need of one, may be able to obtain it upon a lease. And surely the less able the debtor may be to procure a cow, when he has occasion for one, the greater the necessity, if he has obtained it upon any terms, for protecting and securing him in the enjoyment of it. It remains to observe further, that if he has two cows in his possession, he can only claim exemption for one of them; and that the act has not given him the right to elect which of the two it shall be; the officer, therefore, would seem to have the right of taking either, without paying any regard to the circumstance of the debtor's being the absolute owner of the one, and only the lessee of the other for a certain time yet to come.

Judgment affirmed.